**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  5:06-CR-50111-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **TIMOTHY FLAKES, JR. (01)** | **MAGISTRATE JUDGE HORNSBY** |

**RULING**

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First

Step Act of 2018 ("FSA") filed by Defendant Timothy Flakes, Jr. [ECF No. 79]. Pursuant to his

motion, Flakes seeks a reduction to his term of imprisonment and his term of supervised release.

*Id.* at 5. The government opposes the motion, arguing Flakes is not eligible for relief under the

FSA because he did not commit a "covered offense" as defined by the Act. [ECF No. 80 at 3-18].

Alternatively, the government argues the Court should consider the factors set forth in 18 U.S.C.

§ 3553(a) in granting any reduction to Flakes' sentence. *Id.* at 2. For the reasons set forth below,

Defendant's motion is GRANTED.

**I.**
**BACKGROUND**

On June 28, 2006, an indictment was returned charging Flakes with conspiracy to distribute

fifty grams or more of cocaine base (Count 1) and possession with intent to distribute fifty grams

or more of cocaine base (Count 2). [ECF No. 1]. On September 15, 2006, Flakes pleaded guilty to

Count 1. According to the Presentence Report ("PSR"), between January 7 and February 13, 2006,

law enforcement used a cooperating witness to make three purchases of cocaine base from a third

party.[1] [ECF No. 58 at 6; ECF No. 63 at 2]. The drug sales were "brokered" by Flakes and took place at Flakes' residence. [ECF No. 58 at 6]. The three sales involved 281.4 net grams of cocaine base, and the PSR calculated Flakes' sentencing guideline range based upon that amount. [ECF No. 58 at 7]. Flakes' total offense level was 31, however, because he was deemed a "career offender," his total offense level was adjusted to 34. *Id.* at 8. Flakes' sentencing guideline range was 262 to 327 months of incarceration. Flakes' statutory sentencing guideline range was ten years to life. [*Id.* at 14; ECF No. 80 at 2]. On December 14, 2006, Flakes was sentenced to 262 months of incarceration, to be followed by a five-year term of supervised release.[2] [ECF No. 27].

## II.
### APPLICABLE LAW

On August 3, 2010, after more than two decades of substantial criticism from the United States Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses

---

[1] No objections were lodged as to the findings set forth in the PSR, and the Court adopted the PSR in its entirety. [ECF No. 61 at 3; ECF No. 65]

[2] The underlying record is not entirely clear as to whether the sentencing court enhanced Flakes' sentence pursuant to 21 U.S.C. § 851. Prior to sentencing, the government filed a § 851 notice, advising Flakes that it would seek an enhanced sentencing range of twenty years to life, and an enhanced minimum term of supervised release of ten years, due to Flakes' prior narcotics conviction. [ECF No. 21]. The original PSR made no mention of the § 851 Notice, and the government filed no objections to the PSR. At the sentencing hearing, the Court originally indicated the statutory sentencing range was ten years to life, to which the government did not object. [ECF No. 61 at 2]. The Court then acknowledged the government had filed a § 851 Notice, increasing Flakes' statutory mandatory minimum sentence of incarceration to twenty years. *Id.* at 3, *see also id.* at 7. Next, the Court stated the probation officer indicated Flakes was classified as a "career offender" under both the sentencing guidelines and the § 851 notice, and stating, "One way or the other, you end up at the same point." *Id.* at 4. The Court ultimately imposed a sentence of 262 months and a five-year term of supervised release, to which the government did not object. *Id.* at 9, 11. If the government was proceeding under § 851, it seems it would have objected to the term of supervision, as § 851 would have required a ten-year term of supervision. [*See also* ECF No. 65 at 1, no. II (indicating no count of conviction carries a mandatory minimum sentence)]. The Court additionally notes in the current briefing, the government states that Flakes' original statutory sentencing range was ten years to life, and it has not objected to Probation's finding that Flakes' current statutory sentencing range is five to forty years. [ECF No. 80 at 2] Accordingly, the Court finds Flakes' sentence was not enhanced pursuant to § 851.

involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567

U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii)

by increasing the 50-gram threshold for cocaine base convictions to 280 grams. *See* 124 Stat. at

2372. Section 2 similarly amended § 841(b)(1)(B)(iii) by increasing the 5-gram cocaine base

threshold to 28 grams. *Id.* The Fair Sentencing Act took effect on August 3, 2010 but applied only

to sentences imposed thereafter. *Dorsey* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine

minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018, Pub. L. No.

115-391, § 404, 132 Stat 5194 (2018). Section 404 of the First Step Act provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.

> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

**III.**

**ANALYSIS**

**A.      Whether Defendant is eligible for relief under the First Step Act**

The government contends Flakes did not commit a "covered offense" as defined by the FSA and is therefore ineligible for a reduction to his term of imprisonment. [ECF No. 80 at 5]. In support, the government argues Flakes is ineligible due to the amount of cocaine base attributed to the him in the sentencing record. *Id.* at 9. The government acknowledges its position "was recently rejected by the Fifth Circuit, but makes it to preserve it for future proceedings in this case." *Id.* at 3 (citing *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019)). In *Jackson*, the Fifth Circuit held "whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" *Jackson* at 320; *see also United States v. James Roy White*, 2020 WL 2843480, at *2 (5th Cir. June 1, 2020). In this matter, Flakes was convicted of violating a statute for which the penalties were modified by Section 2 of the Fair Sentencing Act, his violation occurred before August 3, 2010, he has not filed a previous motion seeking First Step Act relief, and his sentence was neither "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Accordingly, the Court finds the amount of controlled substances attributed to Flakes in the sentencing record does not foreclose relief under the First Step Act. For these reasons, the Court finds Flakes committed a "covered offense" and is, as a threshold matter, eligible for relief under the First Step Act.

### B.       Whether Relief is Warranted

In determining the appropriate sentence, the Court has considered the statutory sentencing range, the applicable sentencing guideline range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson* at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)); *United States v. Allen*, 19-3606, 956 F.3d 355, 357 (6th Cir. 2020). Flakes' statutory sentencing range under the FSA is five to forty years.[3] [*See* Retroactivity Report at 3]. His sentencing guideline range is 188 to 235 months incarceration. *Id.*

As to the nature and circumstances of the offense, it is a non-violent narcotics offense, involving a low-level distributor of cocaine base. [PSR at ¶¶ 8-20]. There is no indication in the PSR that Flakes possessed any firearms, and there is no allegation of any acts of violence. As to the history and characteristics of this defendant, Flakes was convicted of possession of crack cocaine at ages eighteen and nineteen, he was convicted of simple robbery at age twenty-two, and he was convicted of distribution of crack cocaine at age twenty-five. [ECF No. 58 at 9-11]. Flakes began using alcohol and marijuana on a daily basis at age fifteen. *Id.* at 13. By age sixteen, he was using crack and powder cocaine on a daily basis. *Id.* Flakes dropped out of school in eleventh grade. *Id.* Flakes has one child, who was one year old at the time of sentencing. *Id.*

Flakes is now forty-three years old. His current projected release date is August 31, 2025.[4] Flakes has been incarcerated for this offense for well over thirteen years. While in the custody of the Bureau of Prisons ("BOP"), Flakes has completed drug education courses, vocational training

---

[3] *See* n.2, *supra*. The Court notes that even if it is mistaken as to the statutory sentencing range, Flakes has already served more time than required under the enhanced sentencing provision set forth in 21 U.S.C. § 841(b)(1)(B).

[4] *See* https://www.bop.gov/inmateloc/ (last visited June 30, 2020).

courses, and most importantly, he has earned his GED. Flakes has received satisfactory work evaluations and is described as maintaining a "positive rapport with staff and inmates." [ECF No. 79-4 at 2]. Flakes has had four disciplinary events during his thirteen years of incarceration for phone abuse (2008), possessing an unauthorized item – tobacco (2008), disruptive conduct (2018), and possession of a non-hazardous tool (2019). [ECF No. 79-3 at 4].

After consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to 188 months, effective August 24, 2020, is sufficient but not greater than necessary to comply with the purposes of sentencing, subject to the additional special condition of supervised release that for the first six months of supervised release, Defendant must reside at the City of Faith Halfway House in Monroe, Louisiana. The Court finds this is an appropriate sentence for this Defendant, as it is a substantial prison term, commensurate with the crimes Flakes committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era. For these same reasons, the Court will reduce Defendant's term of supervised release to four years. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [ECF No. 79] is GRANTED, and the Court will issue an amended judgment: (1) reducing Defendant's term of incarceration to 188 months, effective August 24, 2020; (2) imposing a special condition of supervised release that immediately upon release from the custody of the Bureau of Prisons, Defendant must reside at the City of Faith Halfway House

in Monroe, Louisiana for a period of six (6) months; and (3) reducing Defendant's term of supervised release to four years.

Except as modified in this paragraph, all other provisions of the Judgment imposed on December 14, 2006 [ECF No. 27] REMAIN in effect.

SIGNED this 27th day of July, 2020.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE